IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK STEFFENSEN,

    Petitioner,                      No. 2:11-cv-1389 KJM KJN P

    vs.

MICHAEL BABCOCK,[1]

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner is a federal prisoner, incarcerated at Herlong Federal Correction Institution, who proceeds without counsel with a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[2] Petitioner, who paid the filing fee, challenges the calculation of his sentence.

---

[1] In a habeas petition, the proper respondent is the custodian of the institution having custody of petitioner. See Rumsfeld v. Padilla, 642 U.S. 426, 435 (2004). Michael Babcock has replaced Richard Ives as Warden of Herlong Federal Correction Institution, and is therefore substituted as respondent herein.

[2] Respondent notes that petitioner previously brought a § 2241 petition in this court, seeking to reduce the same sentence on different grounds (pursuant to 18 U.S.C. § 3621(e) (participation in a Residential Drug Abuse Program)). That petition was dismissed on October 28, 2011. See Steffensen v. Ives, Case No 2:11-cv-866 GEB GGH P.
    Judgment on petitioner's underlying conviction was rendered by the United States District Court for the District of Alaska, on January 9, 2009. See United States v. Steffensen, Case No. 4:08-cr-00006 RRB-1. Review of that docket indicates that petitioner filed a § 2255

1

Pending before the court is respondent's motion to dismiss the petition. Petitioner timely filed an opposition; respondent did not file a reply. After reviewing the parties' papers and the record, and for the reasons set forth below, this court recommends that respondent's motion be granted.

II. Background

Petitioner is serving a federal prison sentence of 14 years (168 months); his projected release date, assuming credit for good time, is March 23, 2020. (Dkt. No. 12 at 20; Dkt. No. 13 at 14.)[3]

Petitioner was sentenced on January 9, 2009, by the United States District Court, District of Alaska, following a jury trial and conviction on the criminal charge of possession of a controlled substance (cocaine base or "crack"), with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (Alaska District Court Case No. 4:08-cr-00006 RRB-1.) The conviction was premised on petitioner's arrest, on January 12, 2008, by the Fairbanks Police Department, based on an officer's observation that petitioner, who was alone, had expired plates, and had difficulty getting into his car in the parking lot of a liquor store. A search of petitioner and his car was undertaken, pursuant to the officer's closer observation that there was a vodka bottle on the passenger seat of petitioner's car and petitioner appeared to be under the influence, as well as information that petitioner was on parole. The search disclosed a baggie containing 7.1 grams of crack, an electronic digital scale, and $1866 in cash. A subsequent search of the car disclosed a crack pipe. Investigators later interviewed Toni Rosenthal, Roberta Titus, and Lisa Lozano,

---

motion on April 14, 2011 (Dkt. No. 236 (challenging petitioner's conviction)), which was dismissed on December 14, 2011 (Dkt. No. 264, see also Dkt. No. 269); the matter is presently pending before the Ninth Circuit Court of Appeals (Dkt. No. 265). Also pending in the Alaska action is petitioner's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), filed November 1, 2011 (Dkt. No. 259), for which petitioner has been appointed counsel (Dkt. No. 270). None of the issues raised in those matters include petitioner's contention presently before this court.

[3] Unless otherwise noted, docket references are to the instant action.

concerning their knowledge of petitioner's alleged distribution of crack cocaine. Rosenthal stated that she first purchased crack cocaine from petitioner during the summer of 2005, and estimated that she had purchased crack from petitioner a total of ten times, most recently around Christmas 2007. Titus stated that she had purchased crack from petitioner, on an irregular basis, for three to four years prior to petitioner's last conviction. Lozano stated that she met petitioner the year before, and had since purchased crack from him an average of two times a week. (See Federal Presentence Report ("PSR"); Opposition (Dkt. No. 16 at 17-18); also filed "under seal" by respondent (Dkt. No. 12, Attachment 1).)

       At the time of his arrest, petitioner was on parole pursuant to a January 2006 state criminal conviction in Alaska Superior Court Case No. 4FA-05-02873 CR (premised on a conviction for Misconduct Involving a Controlled Substance III, in violation of Alaska Penal Code section 11.71.030). That conviction was based on evidence obtained pursuant to petitioner's arrest, on August 23, 2005, by the Fairbanks Police Department, also pursuant to a parking lot stop; Roberta Titus and Liza Lozano were, at the time, passengers in petitioner's vehicle. In August 2005, petitioner already had prior convictions involving drug use.

       Thus, pursuant to his January 12, 2008 arrest, petitioner was charged with violating his state parole (in Alaska Superior Court Case No. 4FA-05-02873 CR), and charged in a new state criminal proceeding with Misconduct Involving a Controlled Substance IV, in violation of Alaska Penal Code section 11.71.040 (Alaska Superior Court Case No. 4FA-08-00136 CR). However, on December 3, 2008, the Alaska State Court of Appeals overturned petitioner's 2006 state criminal conviction, based on a finding that the trial court had erred in denying petitioner's motion to suppress. (Dkt. No. 13 at 6-10.) As a result, on January 7, 2009, the Alaska Superior Court vacated petitioner's 2006 state criminal conviction, as well as his alleged parole violation thereon. (Alaska Superior Court Case No. 4FA-05-02873 CR.) (Dkt. No. 13 at 2.) In addition, the Alaska Superior Court dismissed the new state criminal charge against petitioner (Alaska Superior Court Case No. 4FA-08-00136 CR), in deference to the

1  federal court's assumption of jurisdiction in prosecuting the same conduct in the instant case.

2  Meanwhile, on March 19, 2008, petitioner was indicted in the United States District Court for the District of Alaska, on one count of "Possession with Intent to Distribute Cocaine Base," in violation of 21 U.S.C. § 841(a)(1), subject to the penalties of 21 U.S.C. § 841(b)(1)(B), based on petitioner's possession of "5 grams or more of a mixture and substance containing cocaine base (crack)," "[o]n or about January 12, 2008." (Alaska District Court Case No. 4:08-cr-00006 RRB-1, Dkt. No. 2.) Petitioner was arraigned on March 20, 2008. (Id., Dkt. Nos. 7, 8.) Following a jury trial, a verdict was reached on July 11, 2008, finding petitioner guilty "of the crime of Possession of Cocaine Base with Intent to Distribute, in violation of Section 841(a)(1) of Title 21 of the United States Code, as charged in Count 1 of the Indictment." (Id., Dkt. No. 146.)

Petitioner's federal sentencing hearing, initially convened on November 14, 2008 (id., Dkt. No. 183), was concluded on January 9, 2009 (id., Dkt. No. 194). The district judge declined to apply the career offender enhancement set forth in the Federal Sentencing Guidelines, but found that the quantity of cocaine base in petitioner's possession at the time of his arrest included at least five grams intended for distribution (as opposed to personal consumption). As a result, the district judge initially imposed a ten-year minimum sentence, as then required by 21 U.S.C. § 841(b)(1)(B)(iii) (2009) (ten-year mandatory minimum sentence for defendants with prior felony drug offense convictions). See U.S. Sentencing Guidelines ("U.S.S.G.") § 4B1.1; (see also Transcript of Sentencing Hearing (hereafter "Transcript"), Alaska District Court Case No. 4:08-cr-00006 RRB-1, Dkt. No. 214 at 30-31, 33). Thereafter, pursuant to the factors set forth in 18 U.S.C. § 3553(a), the district judge found, based on "clear and convincing evidence," that petitioner had a lengthy history of drug abuse, repeated past failures to succeed in rehabilitation programs, and a history of distributing crack to others, particularly to vulnerable women, including the witnesses previously identified. Based upon these findings, the district judge sentenced petitioner to a total term of fourteen years in federal prison. (Transcript at 31-

38.)

On February 19, 2009, the Alaska Department of Corrections released petitioner into primary federal custody.[4]  (See Dkt. No. 12 at 7 (¶ 18), 17.)

Petitioner now contends that the federal Bureau of Prisons failed to accord him prior custody credit, pursuant to 18 U.S.C. § 3585(b), for the time he spent in custody pursuant to his vacated 2006 state criminal conviction in Alaska Superior Court Case Number 4FA-05-2873CR.  As required, petitioner exhausted his administrative remedies in challenging this matter, before bringing the instant action.  See Dkt. No. 12, Attachment 2.  See Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991); Tucker v. Carlson , 925 F.2d 330, 332 (9th Cir. 1991).

III.  Legal Standards

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises this authority through the United States Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 334-35 (1992).  "Computing a federal sentence requires two separate determinations:  first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody."  United States v. Smith, 812 F. Supp. 368, 370 (E.D.N.Y. 1993).  A federal sentence commences "on the date the defendant is received in custody . . . to commence service of sentence at the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  A federal sentence cannot commence prior to the date it is pronounced.  Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011).

////

////

---

[4]  Petitioner's prior removal to federal custody for purposes of arraignment, trial and sentencing, pursuant to a petition for writ of habeas corpus ad prosequendum, did not change his status as a state prisoner.  Schleining v. Thomas, 642 F.3d 1242, 1243 n.1 (9th Cir. 2011) ("the temporary transfer of a prisoner from state prison to the BOP's custody for purposes of federal prosecution does not interrupt his state custody").

5

IV.  Discussion

The gravamen of the petition and supporting memorandum is that, in the underlying federal prosecution, both the jury (in convicting petitioner), and the district judge (in sentencing petitioner), relied on alleged conduct incidental to petitioner's 2005 arrest, thus rendering petitioner's federal charge a "continuing offense" or "ongoing crime" that commenced in 2005.  Therefore, asserts petitioner, because his 2006 state conviction, premised on his 2005 arrest, was overturned, his period of state confinement (August 23, 2005, through November 24, 2007) should be credited to his federal sentence as a "prior custody credit" pursuant to 18 U.S.C. § 3585(b)(1).[5]

Petitioner makes the following arguments in support of his contention.  Petitioner asserts that alleged conduct incident to his 2005 arrest was introduced in his federal trial by, inter alia, the testimony of witnesses Rosenthal and Titus, and thus considered by the jury in reaching its verdict.  Petitioner asserts that this evidence was also considered at sentencing, as demonstrated by the district judge's references thereto, and by the inclusion of the subject witness investigative statements in the "offense conduct" portion of petitioner's PSR.  Finally, petitioner asserts that the designation, in his federal "Judgment in a Criminal Case," of "January 12, 2008" as the date his "Offense Ended" (Dkt. No. 12 at 19), demonstrates that the crime for which he was convicted was "ongoing," merely ending with his arrest date.  Petitioner argues that these several factors demonstrate that he was convicted of an "ongoing" or "continuing" federal criminal offense that commenced sometime prior to his August 23, 2005 arrest, continued

---

[5] 18 U.S.C. § 3585 provides in pertinent part:

b) **Credit for prior custody.**  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

(1) as a result of the offense for which the sentence was imposed;

. . . that has not been credited against another sentence.

through his period of state incarceration pursuant to Alaska Superior Court Case Number 4FA-05-2873CR, through his release on parole, and ended with petitioner's arrest on January 12, 2008. Therefore, petitioner contends, his period of state custody should be "credit[ed] toward the service of [his current federal] term of imprisonment," because it constituted "official detention prior to the date the [federal] sentence commence[d] . . . as a result of the offense for which the [federal] sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b)(1).

Petitioner cites no legal authority in support of his theory that the federal offense for which he was charged and convicted may be construed under these circumstances as an "ongoing" or "continuing" offense, and the court has found none.[6] Additionally, petitioner fails to support his assumption that a period of incarceration, based on a conviction that is later overturned, may thereafter be transferred or credited to a sentence on another crime.

As a practical matter, petitioner's federal conviction could not be based on alleged criminal conduct during petitioner's period of state incarceration based on his 2006 conviction. Similarly, it cannot reasonably be inferred that evidence of petitioner's alleged conduct before and after his state incarceration transformed the federal charge against him into an alleged continuing offense. Petitioner's decision to testify at trial warranted the introduction of conflicting testimony from witnesses who stated they had bought crack from petitioner. His objections to the veracity of witnesses Rosenthal and Titus remain nonavailing. Petitioner does not argue that, without these witnesses' testimony, the reasonable inferences drawn from the evidence pursuant to petitioner's arrest was inadequate to support his conviction. Moreover, the inclusion of these witnesses' investigative statements in the "offense conduct" section portion of the PSR was appropriate, because these witnesses were interviewed pursuant to the pretrial

---

[6] While 21 U.S.C. § 841(a)(1), may be charged as a "continuing criminal enterprise," under 21 U.S.C. § 848, such charge requires an allegation that the defendant acted in concert with five or more other persons, a fact neither present nor charged in the instant case. See 21 U.S.C. § 848(c)(2)(A); West's Federal Forms, § 7254.

investigation of petitioner's January 2008 arrest; these statements did not alter the nature of petitioner's charged crime. Finally, the district judge's reliance, at sentencing, on the investigative and trial statements of these witnesses was properly based on a "clear and convincing" standard in support of the judge's findings that: (1) at the time of his January 2008 arrest, petitioner possessed a sufficient quantity of crack to find that he intended to distribute at least five grams, thus warranting imposition of the mandatory minimum ten-year sentence under former 21 U.S.C. § 841(b)(1)(B)(iii) (Transcript at 30-34); and (2) applying the sentencing factors set forth in 18 U.S.C. § 3553(a),[7] that petitioner's sentence should be enhanced by an additional four years. (Transcript at 30, 34-38) (setting forth the district judge's assessment of petitioner's other, extensive, drug-related criminal conduct; petitioner's demonstrated failure to succeed in rehabilitation programs; petitioner's risk to the community; and the failure of prior sentences to deter petitioner from criminal conduct).) See e.g. United States v. Jordan, 256 F.3d

---

[7] 18 U.S.C. § 3553(a) provides in part:

(a) **Factors to be considered in imposing a sentence**. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider --
    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)    the need for the sentence imposed--
        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B)    to afford adequate deterrence to criminal conduct;
        (C)    to protect the public from further crimes of the defendant; and
        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3)    the kinds of sentences available;
    (4)    the kinds of sentence and the sentencing range . . .
    (5)    any pertinent policy statement . . .
    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7)    the need to provide restitution to any victims of the offense.

922, 928 (9th Cir. 2001) (where factual findings underlying a sentencing enhancement create a "disproportionate impact" on the defendant's sentence, those findings must be supported by clear and convincing evidence). The district judge made this assessment in the context of acknowledging petitioner's challenges to witness credibility.[8]

Finally, the order of judgment on petitioner's criminal conviction, identifying January 12, 2008, as the "ending date" of petitioner's criminal offense, does not necessarily denote a continuing violation. Judgment was entered on a standard "Form AO [Administrative Office of the Courts] 245B." While the form template used in this case was revised in June 2005, the most recently revised form (September 2011) retains the same language. The court has

---

[8] The district judge found in pertinent part (Transcript at 33-34):

> There's ample evidence in the record of your intent to distribute. You had the drugs themselves, you had the drug paraphernalia, you have your criminal history, and then we have these -- the testimony of these -- these purchasers, these women who purchased from you. And you say, well, these people, don't believe them, these -- don't believe any of those -- of what they have to say, they're just drug dealers -- they're just druggies, they're not drug dealers, they're drug users, they're drug addicts. That's what you say. And that they shouldn't be -- shouldn't be believed.
>
> But I think, frankly, they were very credible on the stand. You wouldn't expect a drug addict recovering in various stages of recovery to remember every single date. In fact, I'd probably be surprised if they came in here and were right on everything. They looked the role, they were the role, they did the best they could and some of what they said was probably inaccurate. But what was convincing and what the jury believed and which I found credible is the fact that you sold drugs to them and you shared drugs to them and you used drugs with them and you took advantage of them because they were very vulnerable.
>
> So the evidence is -- to me, is clear and convincing that you possessed at least five grams of cocaine base at the time of your arrest for the purpose of distribution. I'm not saying you weren't going to share some of it, but -- or -- but I think primarily it was to enhance your relationship with the ladies and others in the community. So I think an offense level of twenty-four is accurate. It reflects the amount of cocaine that you possessed at the time for the purpose of distribution. But even if it didn't, I think the Court's intention to depart upward would still control.


found no relevant instructions from the Administrative Office of the Courts, nor any cases that have addressed the matter.  Nevertheless, because this is the only form used by the federal courts to record a criminal conviction, it is reasonable to infer that the contested language is intentionally broad to encompass every type of criminal offense, viz., the termination date of an ongoing criminal offense, as well as the commission and/or arrest date of a one-time crime.  All of the circumstances of petitioner's federal conviction indicate that it was based on only "one count" of violating 21 U.S.C. § 841(a)(1); that is, a discrete act on a specific date, by petitioner acting alone.  See Indictment (Dkt. No. 12 at 14-15); and Judgment (id. at 19).

Accordingly, pursuant to petitioner's present contentions, the court finds no error in the computation of petitioner's federal sentence.  The sentence technically commenced on February 19, 2009, the date petitioner was received into primary federal custody.  Petitioner was properly awarded prior custody credit from the date of his arrest, January 12, 2008, through the date of his primary state custody, February 18, 2009, pursuant to 18 U.S.C. § 3585(b)(2) (time "spent in official detention prior to the date the [federal] sentence commenced . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . that has not been credited against another sentence").  Dkt. No. 12 at 7 (¶ 18).  However, petitioner has presented no grounds for concluding that he is entitled to prior custody credit pursuant to 18 U.S.C. § 3585(b)(1).

Pursuant to this analysis, the courts no basis for granting petitioner's companion request for a status hearing and/or findings of fact pursuant to his petition.

V. Conclusion

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's "Request for Status Hearing And/or Factual Findings" (Dkt. No. 17), be denied;

2. Respondent's motion to dismiss (Dkt. No. 11) be granted; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Should petitioner file objections, he may address whether a certificate of appealability should issue in the event petitioner files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: January 26, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stef1389.2241.mtd.hc